IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRANSPORTATION COMPLIANCE
ASSOCIATES INC. & SIMPLIFIED SERVICE
CORPORATION d/b/a LANtek COMPUTER
SERVICES,

2:11-cv-1602
**ELECTRONICALLY FILED**

                    Plaintiffs,

            v.

ADAM J. HAMMOND,

                    Defendant.

**MEMORANDUM OPINION RE: DEFENDANT'S MOTION TO DISMISS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO STATE A CLAIM UPON WHICH A RELIEF CAN BE GRANTED, AND FAILURE TO JOIN A "NECESSARY" AND "INDISPENSABLE" PARTY UNDER RULE 19 [FRCP 12(b)(1), 12(b)(6), 12(b)(7)] (DOC. NO. 29)**

**I.  Introduction**

Presently before the Court is Defendant Adam J. Hammond's ("Defendant's") Motion To

Dismiss Action for Lack of Subject Matter Jurisdiction, Failure to State a Claim Upon Which a

Relief Can Be Granted, and Failure to Join a "Necessary" and "Indispensable" Party Under Rule

19 [FRCP 12(B)(1), 12(B)(6), 12(B)(7)] (doc. no. 29) with respect to Plaintiffs Transportation

Compliance Associates Inc. ("TCA") and Simplified Service Corporation's (collectively

"Plaintiffs'") Amended Complaint (doc. no. 15).  The parties' dispute centers around the

Plaintiffs' use of Defendant's software program and Defendant's retention of confidential

materials that belongs to TCA and Amazon, one of TCA's customers.

Count I of the Amended Complaint seeks a declaratory judgment that Plaintiffs are not

infringing any of Defendant's copyright or other intellectual property rights, that Plaintiffs do not

owe Defendant any money for software licensing, and that the data in the possession of Defendant belongs to TCA and Amazon.  Doc. No. 15, ¶¶ 65-73.  Count II of the Amended Complaint alleges that Defendant is depriving TCA of its property and the property of Amazon that has been entrusted to TCA.  *Id*., ¶¶ 74-85.  Count III of the Amended Complaint alleges that Defendant breached his contractual obligation to TCA by refusing to return the property that belongs to TCA and the property which has been entrusted to TCA by Amazon.  *Id*., ¶¶ 86-92.  Count IV of the Amended Complaint alleges that Defendant is interfering with TCA's current contract with Amazon and a prospective future contract between TCA and Amazon.  *Id*., ¶¶ 93-105.

Defendant argues that the Amended Complaint should be dismissed for three reasons.  First, he argues that this Court lacks subject matter jurisdiction because there are no federal questions involved and the amount in controversy does not exceed $75,000.  Doc. No. 31, 2-9.  Next, he argues that the Amended Complaint does not state a claim for which relief can be granted.  *Id.*, 9-11.  Finally, he argues that the Amended Complaint should be dismissed because an indispensable party, Amazon, is not a party to this action.  *Id*., 11-12.  After careful consideration of the Motion to Dismiss (doc. no. 29), Brief in Support of the Motion to Dismiss (doc. no. 31), Plaintiffs' response thereto (doc. no. 39), and Defendant's Reply in Opposition (doc. no. 41-3), Defendant's Motion To Dismiss Action for Lack of Subject Matter Jurisdiction, Failure to State a Claim Upon Which a Relief Can Be Granted, and Failure to Join a "Necessary" and "Indispensable" Party Under Rule 19 [FRCP 12(B)(1), 12(B)(6), 12(B)(7)] (doc. no. 29) will be DENIED.

## II.  Factual Background

For the purposes of this Memorandum Opinion,[1] the Court assumes that the following facts are true.  TCA hired Defendant to serve as an independent contractor in 2010.  Doc. No. 15, ¶¶ 9, 37.  As part of his work, Defendant was given confidential data belonging to TCA and Amazon, so Defendant signed a confidentiality agreement with TCA that stated that upon his termination he would return all of the property belonging to TCA and TCA's customers.  *Id.*, ¶ 28.  Defendant installed his software on Plaintiffs' computer systems without Plaintiffs asking for it to be installed.  *Id.*, ¶¶ 16, 17.  There was no written license agreement between Plaintiffs and Defendant.  *Id.*, ¶ 54.  Defendant has claimed that Plaintiffs are infringing his copyright.  *Id.*, ¶ 59.  Defendant has refused to return TCA and Amazon's data.  *Id.*, ¶ 60.  The refusal to return this data has harmed TCA and could force TCA to layoff most of its workforce.  *Id.*, ¶¶ 82, 83.

## III. Standard of Review

### A. Rule 12(b)(1)

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case."  *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court."  *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).  In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

---

[1] These facts are taken as true for the analysis under Fed. R. Civ. P. 12(b)(6) and 12(b)(7); however, the facts are not examined for the purposes of the Rule 12(b)(1) analysis.

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true.  *Id.*  A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action."  *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001).  Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . . is wholly insubstantial and frivolous."  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When, as in this case, a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891).  In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings.  *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

### B. Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading.  Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and

*Ashcroft v. Iqbal*, 562 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

explained that a District Court must undertake the following three steps to determine the

sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a
> claim." Second, the court should identify allegations that, "because they are no
> more than conclusions, are not entitled to the assumption of truth." Third,
> "whe[n] there are well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an entitlement for
> relief." This means that our inquiry is normally broken into three parts: (1)
> identifying the elements of the claim, (2) reviewing the Complaint to strike
> conclusory allegations, and then (3) looking at the well-pleaded components of
> the Complaint and evaluating whether all of the elements identified in part one of
> the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 562 U.S. at 672).

The third step of the sequential evaluation requires this Court to consider the specific

nature of the claims presented and to determine whether the facts pled to substantiate the claims

are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they

must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or

improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits.

*Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a

reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556.

Generally speaking, a Complaint that provides adequate facts to establish "how, when, and

where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers

Specialty Servs., Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twomley*, 550 U.S. at 563 n.8.

### C. Rule 12(b)(7)

Defendant next argues that Plaintiffs' Amended Complaint should be dismissed for failure to join an "indispensable" party – namely Amazon. The primary factors to be considered by this Court in determining whether a party is indispensable are listed in Fed. R. Civ. P. 19 as follows:

(a) Persons Required to Be Joined if Feasible.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. *See also Field v. Volkswagenwerk AG*, 626 F.2d 293, 297 (3d Cir. 1980).

The Court of Appeals for the Third Circuit in *McArthur v. Rosenbaum Co. of Pittsburgh*, 180 F.2d 617 (3d Cir. 1950) succinctly described Rule 19's application in this fashion:

> The two tests, therefore, as to what constitutes an indispensable party are: (1) Is the interest of the alleged indispensable party such as will be directly affected legally by the adjudication? (2) Will the failure to join the alleged indispensable party be inconsistent with equity and good conscience?

*Id.* at 621-22.

**IV. Discussion**

**A. Rule 12(b)(1)**

This Court has subject matter jurisdiction both because of the federal questions involved and because of diversity jurisdiction.  First, there is a federal question involved.  Enforcement of a copyright, which is one of the underlying claims in Count I of the Amended Complaint, is a federal question which confers upon this Court subject matter jurisdiction.  17 U.S.C. § 501 *et seq*.  Defendant misstates the law with respect to jurisdiction in declaratory judgment actions.  Potential defendants can sue under the declaratory judgment act when a federal question is the underlying claim.  *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959); *Severe Records, LLC v. Rich*, 658 F.3d 571 (6th Cir. 2011) (holding that a plaintiff suing for a declaration they were not infringing a copyright was a federal question for purposes of declaratory judgment jurisdiction).  Counts II-IV of the Amended Complaint would then be subject to the supplemental jurisdiction of this Court.  28 U.S.C. § 1367.  Defendant's letter demonstrates that he intends to seek enforcement of his copyright against both Plaintiffs, which gives them standing for this declaratory judgment action.  Doc. No. 15, Ex. G.  The rest of Defendant's arguments as to why this Court lacks federal question jurisdiction are, in fact, arguments for dismissal under Fed. R. Civ. P. 12(b)(7) and will be addressed below.

Furthermore, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy is greater than $75,000.  There is no dispute as to the citizenship requirement for diversity jurisdiction; however, Defendant argues that the amount in controversy is not greater than $75,000.  The Amended Complaint demonstrates that the amount in controversy is greater than $75,000.  For example, the Amended Complaint asserts that Plaintiffs would not be able to

recover the monetary damages from Defendant if Amazon's data was damaged or lost.  Doc. No. 15, ¶ 85.  The Amended Complaint further avers that if TCA loses its contract with Amazon then it would have to layoff most of its employees.  *Id*., ¶ 83.  The Court finds these allegations to be plausible and not allegations stated merely to gain diversity jurisdiction.  Amazon is TCA's largest customer and the loss of that contract would be devastating to the business.  These damages are legally possible for TCA to receive and are no more speculative than damages in any other civil action.  Thus, this Court possesses jurisdiction because of the federal question involved and also possesses subject matter jurisdiction under 28 U.S.C. § 1332.

### B. Rule 12(b)(6)

Defendant's argument that the Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) is just a restatement of his Rule 12(b)(1) and 12(b)(7) arguments.  This Court does have subject matter jurisdiction, and both Plaintiffs have standing to sue Defendant.  See *supra*, (IV)(A).  This Court can grant relief to Plaintiffs in the form of a declaratory judgment, monetary damages, and an order that TCA and Amazon's property be returned.  Thus, the Amended Complaint pleads facts sufficient to state a claim for which relief can be granted.

### C. Rule 12(b)(7)

Next, Defendant argues that the Amended Complaint should be dismissed because Amazon is an indispensable party to this action.  Amazon is not a required party pursuant to Fed. R. Civ. P. 19.  This Court can grant complete relief to all parties in this action without Amazon as a party.  This Court can order that Amazon's data be returned to TCA, award money damages to TCA, and issue a declaratory judgment that Plaintiffs are not infringing the Defendant's copyright, or other intellectual property.  Second, although Amazon has an interest in this action, resolution of the case without Amazon as a party will not impair or impede Amazon's ability to

protect that interest.  Resolution of the action without Amazon would not leave any party to this action at substantial risk of having inconsistent obligations with respect to Amazon's interest. Therefore, Amazon is not an indispensable party to this action.

### V. Conclusion

In sum, this Court has subject matter jurisdiction, both because of the federal question involved and diversity jurisdiction; Plaintiffs' Amended Complaint pleads claims for which relief may be granted by this Court; and there is no indispensable party under Fed. R. Civ. P. 19 who is not a party in this action.  For the foregoing reasons, Defendant's Motion to Dismiss Action for Lack of Subject Matter Jurisdiction, Failure to State a Claim Upon Which a Relief Can Be Granted, and Failure to Join a "Necessary" and "Indispensable" Party Under Rule 19 [FRCP 12(B)(1), 12(B)(6), 12(B)(7)] (doc. no. 29) will be DENIED.

An appropriate Order follows.


s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties