IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRANSPORTATION COMPLIANCE
ASSOCIATES INC. & SIMPLIFIED SERVICE
CORPORATION d/b/a LANtek COMPUTER
SERVICES,

2:11-cv-1602

**ELECTRONICALLY FILED**

Plaintiffs,

v.

ADAM J. HAMMOND,

Defendant.

### Memorandum Opinion Re: Plaintiffs' Motion To Dismiss Under Rule 12(b)(6) (Doc. No. 64)

**I. Introduction**

Presently before the Court is plaintiffs Transportation Compliance Associates Inc. ("TCA") and Simplified Service Corporation's ("LANtek") (collectively "plaintiffs'") Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (doc. no. 64). The parties' dispute centers around plaintiffs' use of defendant's software program and defendant's retention of confidential materials that allegedly belongs to TCA and Amazon, one of TCA's customers.[1]

On March 9, 2012, defendant filed an Answer and Counterclaim asserting five counts. Count I of the Counterclaim (doc. no. 61) avers that plaintiffs have violated the Pennsylvania Uniform Trade Secrets Act. *Id*. at 19-21. Count II of the Counterclaim avers that plaintiffs have engaged in unfair competition. *Id*. at 21-22. Count III of the Counterclaim avers that TCA breached a contract and/or promissory estoppel. *Id*. at 22-24. Count IV of the Counterclaim

---

[1] The Court previously ruled on defendant's Motion to Dismiss the Complaint, denying said Motion in its entirety by opinion and order at doc. nos. 43 and 44.

avers that TCA committed fraud. *Id*. at 24-25. Count V of the Counterclaim avers that TCA breached its fiduciary duty to plaintiff. *Id*. at 25-26.

Plaintiffs argue that the Counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. No. 65. After careful consideration of the Motion to Dismiss (doc. no. 64), Brief in Support of the Motion to Dismiss (doc. no. 65), Defendant's response (doc. no. 69), plaintiff's reply (doc. no. 74), and defendant's sur-reply (doc. no. 81), plaintiffs' Motion To Dismiss Under Rule 12(b)(6), Fed. R. Civ. P. (doc. no. 64) will be GRANTED in PART and DENIED in PART.

## II. Factual Background

For the purposes of this Memorandum Opinion, the Court assumes that the following facts are true. TCA hired defendant to serve as an independent contractor in 2010. Doc. No. 61, ¶ 6.[2] Defendant developed Regulatory Compliance Software under this independent contracting agreement. *Id*. at ¶ 7. An agreement was also reached for defendant to receive compensation for these services on the basis of the number of customer online catalog items processed by this computer system and software that he was contracted to create. *Id*. at ¶ 6. At no time during performance of these services was defendant ever an employee of TCA or LANtek. *Id*. In December of 2010, defendant attempted to grant a license authorizing only TCA to use the Regulatory Compliance Software.[3]

In 2011, defendant began to discuss with TCA the future of their business relationship. *Id.* at ¶ 9. TCA and defendant agreed to a joint venture in which TCA and defendant would each own 50%. *Id.* The parties then attempted to reduce their agreement to writing. *Id.* Defendant

---

[2] All paragraph references are to the Counterclaim section of doc. no. 61 unless otherwise noted.
[3] The Court finds *infra* that he did not have the power to do so.

then began to consult with LANtek on development of a "new" computer system. *Id.* TCA decided not to sign an agreement to enter into a joint venture with defendant. *Id.* at ¶ 10. Defendant then attempted to revoke the license for the Regulatory Compliance Software. *Id.*

### III. Standard of Review

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 672).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint (or Counterclaims herein) that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twombly*, 550 U.S. at 563 n.8. The Court is not required to accept as true conclusions of law made by defendant.

**IV. Discussion**

    **A. Misappropriation of Trade Secrets**

Under Pennsylvania law, in order to prove misappropriation of trade secrets, defendant must show:

> (1) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (2) disclosure or use of a trade secret of another without express or implied consent by a person who: (i) used improper means to acquire knowledge of the trade secret; (ii) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was: (A) derived from or through a person who had utilized improper means to acquire it; (B) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (C) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or (iii) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

12 Pa. C.S. § 5302. "When disclosures of a confidential nature are made to . . . an independent contractor, all trade secrets created out of that relationship are the exclusive property of the [] contracting party." *Mettler-Toledo, Inc. v. Acker*, 908 F. Supp. 240, 247 (M.D. Pa. 1995) (citations omitted). Defendant admits in his pleadings that he was hired, and compensated, by TCA in order to create the Regulatory Compliance Software that he is alleging that TCA and LANtek misappropriated. He further admits that the disclosures made to him by TCA were confidential in nature. The trade secrets thus are the exclusive property of TCA and not defendant. The fact that the compensation agreement for the computer software was unique does not impact the ownership of the intellectual property.

Defendant's argument is that any intellectual property that an independent contractor creates during his contractual relationship belongs to the contractor and not the company that is contracting him. This argument is unconvincing. If this were the law, no company would hire an independent contractor for the creation of intellectual property. Because there can be no misappropriation of defendant's trade secrets if he did not own the trade secrets at issue, defendant does not state a claim for misappropriation of trade secrets upon which relief can be granted.

**B. Unfair Competition**

Defendant's sole basis for his unfair competition claim is that he is the owner of the Regulatory Compliance Software. Doc. No. 61, ¶ 21. As discussed above, defendant does not own the Regulatory Compliance Software. Accordingly, defendant does not state a claim for unfair competition upon which relief can be granted.

**C. Breach of Contract/Promisory Estoppel**

Under Pennsylvania law, in order to prove breach of contract, defendant must show: 1) the existence of a contract, including its essential terms, 2) a breach of a duty imposed by the contract and 3) resultant damages. *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. 2002). In order to prove promissory estoppel, defendant must show that:

> (1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise.

*Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2010).

Defendant has sufficiently pled facts for both breach of contract and promisory estoppel. Contrary to TCA's argument, the facts pled are not for an agreement to agree in the future, but for an actual agreement. There is no law in Pennsylvania requiring that a contract to enter into a "joint venture" be in writing. An oral contract can suffice. *See Field v. Golden Triangle Broadcasting, Inc.*, 305 A.2d 689 (Pa. 1973). The essential elements were that a joint venture would be formed and that the profits would be split 50/50. The formalization of this agreement was mere formality according to the Counterclaim. *See id.* Defendant pleads sufficient facts that TCA breached its duty under the agreement and that he suffered harm because of that breach.

Defendant also has pled sufficient facts for a claim of promissory estoppel. If the defendant is unable to prove that a contract existed, he has pled facts that show a promise was made, defendant took action because of the promise, and that injustice can only be avoided by enforcing the promise. In particular, defendant has pled that a promise to enter into a future contract caused him to work with plaintiff LANtek and that the only way to prevent injustice is

by enforcing the promise.  Accordingly, defendant has stated a claim for which relief can be granted with respect to the breach of contract/promisory estoppel claim.

### D. Fraud

Federal Rule of Civil Procedure 9(b) requires that:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

*Id*.  Defendant may satisfy this requirement by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into its allegations of fraud.  *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004) (internal quotation marks omitted) (citations omitted) *abrogated on other grounds by Twombly*, 550 U.S. 544.  Simply stated, there is no such particularity with respect to Count IV of the defendant's Counterclaim.

Defendant states in conclusory fashion that TCA and it's owner perpetrated fraud by not entering into a joint venture with defendant.  There is no claim as to the date, place, or time of the fraud, nor is there any other attempt on behalf of defendant to plead facts that would meet the heightened pleading standards under Fed. R. Civ. P. 9(b).

The United States Court of Appeals for the Third Circuit has described the "gist of the action" doctrine as follows:

> Under [Pennsylvania's] "gist of the action" test,
>
> to be construed as a tort action, the [tortious] wrong ascribed to the defendant must be the gist of the action with the contract being collateral. . . . [T]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus.

*Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 103-04 (3d Cir. 2001) (alterations in original) (citations omitted).  The Superior Court of Pennsylvania and Federal Courts have held that fraud claims can be barred by the "gist of the action."  *See, e.g.*, *Etoll, Inc. v. Elias/Savion Advertising, Inc.,* 811 A.2d 10, 19-20 (Pa. Super 2001).

The Court finds that Count IV is barred by the "gist of the action" doctrine, because Count IV:

> (1) aris[es] solely from the contractual relationship between the parties [in Count III]; (2) [is] grounded in the contract itself; (3) [] liability stems from the contract; and (4) essentially duplicates the breach of contract claim [and] the success of the [fraud] claim is dependent on the success of the breach of contract claim.

*Reardon v. Allegheny College*, 926 A.2d 477, 486 (Pa. Super. 2007).  Accordingly, defendant does not state a claim for fraud upon which relief can be granted.

### E. Breach of Fiduciary Duty

The Court finds that Count V is barred by the "gist of the action" doctrine, because Count V:

> (1) aris[es] solely from the contractual relationship between the parties [in Count III]; (2) [is] grounded in the contract itself; (3) [] liability stems from the contract; and (4) essentially duplicates the breach of contract claim [and] the success of the [breach of fiduciary duty] claim is dependent on the success of the breach of contract claim.

*Reardon*, 926 A.2d at 486.  Accordingly, defendant does not state a claim for breach of fiduciary duty upon which relief can be granted.

### F. Punitive Damages

The Court will not strike defendant's request for punitive damages with respect to Count III of the Counterclaim.  Whether the elements required for punitive damages are present is a question for the Summary Judgment phase, not for the Motion to Dismiss phase, in this case.

**IV. Conclusion**

In sum, defendant only pleads one count upon which relief may be granted – that is Count III, breach of contract/promisory estoppel.  Accordingly, plaintiffs' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (doc. no. 64) is GRANTED in PART and DENIED in PART.

An appropriate Order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties